# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHAEL FERGIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **8:16CV26** |
| | ) | |
| **WESTROCK COMPANY, f/k/a ROCKTENN, ACE AMERICAN INSURANCE CO., MAGNUM LTL, INC., and XPO, f/k/a JACOBSON WAREHOUSE COMPANY, INC.** | ) ) ) ) ) ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Defendant Westrock Company's ("Westrock") Motion to Strike (Filing No. 25) Plaintiff's Amended Complaint (Filing No. 22) and Defendant Magnum LTL, Inc.'s ("Magnum") Unopposed Motion for Extension of Time (Filing No. 37) to file response to the Amended Complaint. The court will deny the motion to strike and grant the motion for an extension of time.

Pursuant to an unopposed motion to extend (Filing No. 14) filed by Plaintiff, the court established August 15, 2016, as the deadline to add parties or amend pleadings. (Filing No. 15).  On August 15, 2016, Plaintiff filed a motion for leave to file an Amended Complaint adding additional defendants in compliance with the court's deadline.  (Filing No. 17).  Plaintiff attached a copy of the proposed Amended Complaint to his motion for leave.  (Filing No. 17-1).  On September 1, 2016, the court granted Plaintiff leave to file the Amended Complaint and ordered, "Plaintiff shall file the amended complaint by September 6, 2016." (Filing No. 20).  Plaintiff filed the Amended Complaint on September 16, 2016.  (Filing No. 22).  Westrock has moved to strike the Amended Complaint as untimely.  (Filing No. 25).

1

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff timely requested leave of court to file the Amended Complaint, but did not actually file the Amended Complaint by the court's deadline imposed when grating leave. Plaintiff "assumed the Clerk would file the Amended Complaint tendered with the motion," as is common practice in Nebraska state courts. (Filing No. 33 at pp. 3-4). Contrary to Plaintiff's assumption, this district's local rules provides, "The granting of the motion for leave to amend does not constitute filing the amended pleading. If granted leave to amend, the party must then file the amended pleading." NECivR 15.1(c).

Nevertheless, in the interest of justice, the court will not strike the Amended Complaint. Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, Rule 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline ". . . after the time has expired if the parties failed to act because of excusable neglect." In determining whether excusable neglect exists, a court should consider "all relevant circumstances surrounding the party's omission." See *Fink v. Union Central Life Ins. Co.*, 65 F.3d 722, 724 (8th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). These circumstances include: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith." *Treasurer, Trustees of Drury Indus., Inc. Health Care Plan & Trust v. Goding*, 692 F.3d 888, 893 (8th Cir. 2012) (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 462 (8th Cir. 2000)).

Plaintiff timely obtained leave of court to file the Amended Complaint. Although Plaintiff mistakenly assumed the Amended Complaint attached to his motion would be filed, he attempted to correct his error by filing the Amended Complaint a mere ten days

2

after the deadline imposed by the court. Westrock would be minimally prejudiced by the Amended Complaint, as it added no new claims against Westrock and is identical to the proposed Amended Complaint attached to Plaintiff's motion for leave timely filed on August 15, 2016. Therefore, the court will not strike the Amended Complaint. Defendant Magnum's motion for an extension of time to file a responsive pleading to the Amended Complaint will be granted. Accordingly,

**IT IS ORDERED:**

1. Defendant Westrock's Motion to Strike ([Filing No. 25](Filing No. 25)) is denied.

2. Defendant Magnum LTL, Inc., (Magnum)'s Unopposed Motion for Extension of Time ([Filing No. 37](Filing No. 37)) is granted. Defendant Magnum shall have an extension of time to December 5, 2016, to file an answer or otherwise respond to the Amended Complaint.

**DATED: November 1, 2016.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**