IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FERGIN, and ACE AMERICAN INSURANCE CO., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTROCK COMPANY f/k/a ROCKTENN; MAGNUM LTL, INC.; XPO f/k/a/ JACOBSON WAREHOUSE COMPANY, INC.; and MAGNUM DEDICATED, INC., <br><br> Defendants. | 8:16CV26 <br><br> ORDER |

This matter is before the Court on the Motion to Compel and Motion for Sanctions Against Magnum Dedicated, Inc. (Filing No. 110) filed by Defendant Westrock Company, and the Motion to Compel Magnum LTL, Inc. and Mangum Dedicated, Inc.'s Discovery Responses (Filing No. 112) filed by Defendant XPO. Magnum Dedicated filed a brief (Filing No. 113) opposing Westrock's motion, and both Magnum Dedicated and Magnum LTL filed a brief (Filing No. 116) opposing XPO's motion.

Neither party strictly complied with the Civil Rules of the United States District Court for the District of Nebraska when filing their motions. Defendant XPO did not file a brief with its motion. See NECivR 7.1(a)(1)(A)("A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. . . . [F]ailure to brief an issue raised in a motion may be considered a waiver of that issue."). Defendant XPO attached its evidentiary materials to its motion, rather than attaching it to its brief or as a separate filing. Neither party provided a separate index identifying each item nor provided an affidavit identifying and authenticating any documents offered as evidence. See NECivR 7.1(a)(2)(B)("Evidentiary materials may be attached to the brief if the brief includes a listing of each item of evidence being filed, and the evidence citations within the brief provide hyperlinks to the evidence attached and offered in support of the factual statements. In all other cases, evidentiary materials may not be attached to the brief but rather must be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates.");

- 1 -

and NECivR 7.1(a)(2)(C)("An affidavit must identify and authenticate any documents offered as evidence."). Finally, XPO was not permitted to file its reply brief without leave of court. See NECivR 7.1(c)("If the moving party does not file an initial brief, it may not file a reply brief without the court's leave.").

"[A] party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion." NECivR 7.1. Despite the parties' noncompliance with the local rules, the documents before the Court are sufficient to issue informed rulings on the pending discovery motions, which were both substantively responded to by the Magnum defendants. Therefore, the Court will not consider the parties' positions on their pending motions abandoned. However, the Court cautions the parties to carefully review and comply with NECivR 7.1, and any other applicable local rules, when filing future motions.

## BACKGROUND

Plaintiffs, Michael Fergin and Ace American Insurance Co.[1], filed the instant action to recover damages for a shoulder injury Fergin sustained in the course and scope of his employment with Becton Dickinson on February 19, 2013. Plaintiffs allege that, as Fergin was unloading pallets of corrugated cardboard from a semitrailer delivered and operated by the Magnum defendants,[2] corrugated cardboard fell on him when he opened the left door of the trailer. (Filing No. 64). Becton Dickinson allegedly provided Defendant Westrock with the pallets on which to stack the corrugated cardboard for transportation, and Westrock contracted with Defendant XPO to store the pallets and load them onto semitrailers. Westrock alleges it contracted with Defendant Magnum Dedicated to transport the pallets. (Filing No. 68).

Plaintiffs allege Fergin's injury was caused by the collective Defendants' negligence in (1) failing to inspect the pallets used to stack the corrugated paper; (2) employing a damaged pallet to stack the corrugated paper; (3) placing a "wobbly, unstable stack of corrugated box making material" on the damaged pallet in the rear of the trailer and; (4) in failing to "strap or otherwise secure" the stack of corrugated paper "to keep it from shifting and toppling." (Filing No. 64 at p. 3). Westrock filed crossclaims against Magnum Dedicated and XPO for

---

[1] Ace American is named as a plaintiff for subrogation purposes pursuant to Neb. Rev. Stat § 48-118.

[2] Plaintiffs' allege Magnum Dedicated and Magnum LTL share an office, officers, and directors, and thus Plaintiffs clarify that their allegations of negligence against Magnum LTL apply in the alternative to Magnum Dedicated. (Filing No. 68).

indemnification. (Filing No. 68).

Both of the instant motions relate to the Magnum defendants' responses and objections to Westrock's and XPO's discovery requests. Generally, the Magnum defendants' objections are premised on their position that Westrock and XPO's discovery requests are not relevant because the information sought relates to the Federal Motor Carrier Safety Regulations ("FMCSR"), which do not create a legal duty in this action.

Westrock filed its motion to compel Magnum Dedicated to provide answers to its Requests for Admission Nos. 1, 3, and 4; to produce documents responsive to Request for Production No. 14; and to supplement its answers to Interrogatory Nos. 6, 9, 10, 11, and 12. (Filing No. 111 at pp. 2-6). XPO seeks an order compelling the Magnum defendants to produce documents responsive to its Request for Production Nos. 4, 5, and 6. (Filing No. 112).

**1. Westrock's Discovery Requests and Magnum Dedicated's Responses**

Westrock's disputed Requests for Admissions ask Magnum Dedicated to, "Admit that, in February 2013, Magnum Dedicated Inc. employees were[:]" . . . "not allowed to operate a commercial motor vehicle unless the employee had confirmed that the commercial motor vehicle's cargo was properly distributed and adequately secured" (Request No. 1); "required to inspect the cargo and devices used to secure the cargo within the first fifty (50) miles after beginning trip and cause any adjustments to be made to the cargo or load securement devices as necessary to ensure that cargo cannot shift on or within, or fall from the commercial motor vehicle" (Request No. 3); and "required to firmly immobilize or secure cargo on or within a vehicle by structures of adequate strength, dunnage or dunnage bags, shoring bars, tiedowns, or a combination of these" (Request No. 4). Magnum Dedicated objected to each request as not relevant because each request "seeks admission employees of [Magnum] had a duty to follow a [FMCSR] … [This section] is not relevant to this action. The [FMCSR] were not intended to cover or create a duty in regards to accidents that occur while unloading cargo in a private loading area[.]" (Filing No. 110-4 at pp. 1-3).

Westrock's Request for Production No. 14 asks for "Any handbook, manuals, policies, or other documents which state Magnum Dedicated's policies and procedures with respect to inspecting, loading, securing and transporting a cargo." Magnum Dedicated objected to the request as not relevant because the FMCSR "were not intended to cover or create a duty in regards to accidents that occur while unloading cargo in a private loading area." Magnum

Dedicated also objected that the request was unduly burdensome and could include attorney-client documents. "Subject to" and "without waiving" the objections, Magnum Dedicated replied that it knew of no other documents responsive to the request other than the FMCSR, which are publically available. ([Filing No. 110-5 at p. 3](#)).

Westrock also seeks supplemental answers to the following interrogatories ([Filing No. 110-6](#)):

- **Interrogatory No. 6** asks Magnum Dedicated to identify details surrounding its contact with the corrugated cardboard, including where Magnum Dedicated picked it up, what employees were involved in loading and transporting the corrugated cardboard, and whether Magnum Dedicated was involved in loading and securing the cardboard. Magnum Dedicated objected that the interrogatory was vague or ambiguous, and that it was not relevant because it was "based upon the contentions Magnum Dedicated had a duty to load or secure the corrugated cardboard or the [FMCSR] are relevant to this action." Magnum Dedicated answered the interrogatory "subject to" and "without waiving" the foregoing objections.
- **Interrogatory No. 9** asks Magnum Dedicated to identify any and all policies and procedures for Magnum Dedicated employees in effect for February 2013 for inspection of cargo, securing cargo for transit, and loading cargo. Magnum Dedicated made the same relevance objection as above, but answered "subject to" and "without waiving" its objections that it did not know of any responsive policies other than the FMCSR.
- **Interrogatory No. 10** asks Magnum Dedicated to identify any and all load securement devices Magnum Dedicated employees used to transport corrugated cardboard to Plaintiff's place of employment on or about February 19, 2013. Magnum Dedicated made the same relevance objection as above.
- **Interrogatory No. 11** asks Magnum Dedicated to identify any and all load securement devices Magnum Dedicated employees had access to in February 2013 to secure cargo for transport. Magnum Dedicated made the same relevance objection as above.
- **Interrogatory No. 12** asks Magnum Dedicated to identify any and all citations received by Magnum Dedicated employees related to the failure to secure cargo from 2011 to 2015. Magnum Dedicated answered "none," "subject to" and "without waiving" its relevance objection.

**2. XPO's Requests and the Magnum Defendants' Responses**

XPO requests that the Magnum defendants produce "copies of any manuals, policies, procedures or any other documents" in use on February 19, 2013, related to: the loading, transportation, and storage of corrugated boxes (Request No. 4); safety or industry standards in

the loading, transportation, and storage of cargo (Request No. 5); and Magnum's use of pallets in the loading, transportation, and storage of cargo (Request No. 6). (Filing No. 112 at pp. 10-11). As with its objections to Westrock's discovery requests, the Magnum defendants objected to each XPO's above requests on grounds of relevance. Magnum maintains that the requests seek production of documents related to the FMCSR, and because the FMCSR does not create a legal duty in this case, the requested documents are not relevant. (Filing No. 112 at pp. 10-112).

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The Magnum defendants suggest that the 2015 Amendments to the Federal Rule of Civil Procedure substantively changed the scope of relevance for purposes of discovery under Rule 26(b)(1). (Filing No. 113 at p. 2; Filing No. 116 at p. 2). Therefore, according to the Magnum defendants, relevant discovery in this case is limited solely to the issue of whether a legal duty exists. (Filing No. 113 at pp. 3-4; Filing No. 116 at p. 3-4). Magnum is incorrect. The 2015 Amendment simply "restores the proportionality factors to their original place in defining the scope of discovery," and notes that the parties and the court should focus on the "actual claims and defenses involved in the action." See generally, Fed. R. Civ. P. 26(b)(1) advisory committee note to 2015 amendment.

The Eighth Circuit Court of Appeals has explained that Rule 26(b)(1) does not give a party "the unilateral ability to dictate the scope of discovery based on their own view of the parties' respective theories of the case." *Sentis Grp., Inc. v. Shell Oil Co.*, 763 F.3d 919, 925 (8th Cir. 2014). "Litigation in general and discovery in particular . . . are not one sided." *Id.* Similarly, "a party cannot refuse to produce a requested document or information simply because it is relevant to a claim or defense on which the producing party believes that it will prevail." *Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. Tex. 2014)(citing *Third Pentacle, LLC v. Interactive Life Forms, LLC*, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief-whether ultimately justified or not-provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure"). "[A]s long as the parties request information or documents relevant to the claims at issue in the case, and such

requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). "Rule 26(b) . . . is widely recognized as a discovery rule which is liberal in scope and interpretation[.]" *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

At this stage of the proceedings, the scope of discovery in this case is not limited to whether a legal duty exists. The presiding district court judge will determine whether a legal duty exists when that issue is properly raised. Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim* or defense[.]" Fed. R. Civ. P. 26(b)(emphasis added). Plaintiffs have raised several theories of negligence as to all defendants, including the Magnum defendants, as stated above. Westrock and XPO's discovery requests generally seek information relevant to Plaintiffs' allegations of negligence, including the Magnum defendants' policies and procedures related to securing and transporting cargo at the time of Plaintiffs' injury.

Even if the propounded discovery requests sought information related to a violation of the FMCSR, under Nebraska law, a "violation of a safety regulation, established by a statute or ordinance, is not negligence as a matter of law, but is evidence of negligence which may be considered in connection with all the other evidence in the case in deciding the issue." *Grade v. BNSF Ry. Co.*, 676 F.3d 680, 687 (8th Cir. 2012)(quoting *Orduna v. Total Constr. Servs., Inc.*, 713 N.W.2d 471, 479 (Neb. 2006). Magnum cites another case, *Hoggard v. Arabi Cattle Co.*, 2017 WL 2532962 (E.D. Ark. June 9, 2017), that recognizes the same proposition. See *Hoggard*, 2017 WL 2532962, at *2 ("[A] violation of a state statute or regulation may be relevant evidence of whether Defendants breached a duty it may have owed the plaintiffs[.]"). Therefore, Magnum's objections to each of the above discovery requests are overruled.

Magnum did provide some answers and responses to interrogatories and production of documents, "subject to" and "without waiving" its objections. Both Rule 33, which pertains to interrogatories, and Rule 34, which pertains to requests for production of documents, require objections to be stated with specificity. See Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B) & (C). "[S]imply stating that a response is 'subject to' one or more general objections does not satisfy the 'specificity' requirement, because, for example, it leaves the propounding party unclear about which of the numerous general objections is purportedly applicable as well as whether the documents or answers provided are complete, or whether responsive documents are being withheld." *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 187 (N.D. Iowa

2017). "Although it is common practice for a party to respond to discovery requests subject to and without waiving objections, such responses prevent the requesting party from knowing whether all information has been provided." *Broom, Clarkson, Lanphier & Yamamoto v. Kountze*, 2015 WL 7302226, at *7 (D. Neb. Nov. 18, 2015)(citing *Green v. Sunset Fin. Servs., Inc.*, 2012 WL 931976, at *2 (D. Neb. Mar. 20, 2012). Accordingly, the Court orders the Magnum defendants to supplement their answers and responses to each of the above discovery requests, without objections, to provide complete answers and responses.

Finally, Westrock requests appropriate sanctions, including reasonable attorney fees, associated with filing the instant motion. Although XPO did not request reasonable expenses, Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel disclosure or discovery is granted, "the court *must*, after giving an opportunity to be heard, *require* the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court shall, after the Magnum defendants have an opportunity to respond, grant the moving parties' reasonable expenses for filing the instant motions, unless the Magnum defendants show substantial justification for the failure to provide the requested discovery or that other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5).

**IT IS ORDERED:**

1. Defendant Westrock Company's Motion to Compel and Motion for Sanctions Against Magnum Dedicated, Inc. (Filing No. 110) is granted;

2. Defendant XPO's Motion to Compel Magnum LTL, Inc. and Mangum Dedicated, Inc.'s Discovery Responses (Filing No. 112) is granted;

3. The Magnum defendants shall supplement its responses to each discovery request set forth above, on or before December 15, 2017; and

4. Magnum Dedicated shall have until December 20, 2017, to show cause why sanctions, including the award of attorneys' fees incurred by Westrock and XPO under Rule 37, should not be imposed.

Dated this 1st day of December, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge