IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
NEBRASKA

MICHAEL FERGIN, and ACE AMERICAN
INSURANCE CO.,

Plaintiffs,

vs.

WESTROCK COMPANY f/k/a ROCKTENN;
MAGNUM LTL, INC.; XPO f/k/a/
JACOBSON WAREHOUSE COMPANY,
INC.; and MAGNUM DEDICATED, INC.,

Defendants.

8:16CV26

ORDER

This matter is before the Court following its December 1, 2017, order on the motions to compel filed by defendants Westrock Company and XPO. In its order, the Court granted the motions to compel and directed Magnum to show cause why sanctions, including the award of attorneys' fees incurred by Westrock and XPO in filing the motions, should not be imposed. (Filing No. 119). Chief Judge Smith Camp overruled Magnum's objection to the order, and extended the show cause response deadline to March 29, 2018. (Filing No. 153). Magnum timely filed a response. (Filing No. 168).

Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel disclosure or discovery is granted, "the court *must*, after giving an opportunity to be heard, *require* the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The Court must not order such payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the opposing party's objection or response was substantially justified, or if other circumstances make the award unjust. *Id.* The inquiry as to whether a party's position was "substantially justified" focuses on whether the non-prevailing position was reasonably based in law and fact. See, e.g., *Bah v. Cangemi*, 548 F.3d 680, 683-84 (8th Cir. 2008). Courts generally look to "the quality of the justification and the

genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified. *Desert Orchid Partners, L.L.C. v. Transaction Sys. Architects, Inc.*, 2006 WL 1805936, at *2 (D. Neb. June 28, 2006)(quoting *Brown v. State of Iowa*, 152 F.R.D. 168, 173 (S.D. Iowa 1993). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994).

Magnum maintains its position that it was substantially justified in its unilateral limitation of the scope of relevant discovery. Magnum argues that because Plaintiff only alleged "negligent acts" in its second amended complaint, but did not raise "specific allegations of duty," Magnum's relevance objections to the discovery requests were substantially justified. (Filing No. 168 at p. 4). Magnum also cites to Comment b to § 7 of the Restatement (Third) of Torts, which provides, "A defendant has the procedural obligation to raise the issue of whether a no-duty rule or some modification of the ordinary duty of reasonable care applies in a particular case." (Filing No. 168 at p. 3).

In reviewing Magnum's response, the undersigned finds that Magnum has not made a showing that an award of attorney's fees would be unjust or that its position was substantially justified. Magnum continues to misunderstand the scope of discovery under Federal Rule of Civil Procedure 26(b)(1). First, the "procedural obligation" referred to in the Restatement cited by Magnum does not refer to a party's ability to unilaterally limit the scope of discovery based upon that party's belief it will prevail on the substantive merits of a claim. Instead, if Magnum believed Plaintiff's complaint deficiently pled all the elements of negligence (including the existence of a legal duty), Magnum could have raised that deficiency in a Rule 12(b)(6) motion to dismiss. Regardless, Magnum should have been aware that the existence of a legal duty was included in Plaintiff's claim of negligence, because in the parties' Second Amended Rule 26(f) Report filed on December 23, 2016, Plaintiff listed the elements of its claim for negligence, including duty. (Filing No. 56 at p. 2).

Magnum also has not provided any reason why it could not have moved for summary judgment on the issue of whether a legal duty existed much earlier in the case. Magnum chose not to raise the issue before the Court until March 1, 2018, several months after the discovery requests were sent, and well over a year since the parties prepared their Rule 26(f) Report. Magnum very well may prevail on that issue, which remains pending before Chief Judge

Smith Camp. However, at the time the discovery requests were sent, parties were entitled to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," which in this case included Plaintiff's claim of negligence. Fed. R. Civ. P. 26(b)(emphasis added). As discussed in the undersigned's order (Filing No. 119) and Chief Judge Smith Camp's Memorandum and Order (Filing No. 153), violations of statutory regulations can be evidence of negligence under Nebraska law. See *Orduna v. Total Const. Servs., Inc.*, 713 N.W.2d 471, 479 (Neb. 2006); *Grade v. BNSF Ry. Co.*, 676 F.3d 680, 687 (8th Cir. 2012). Therefore, the requests were clearly relevant to a claim in this action, and Magnum was not substantially justified in objecting to the requested discovery on that basis and unilaterally limiting the scope of discovery. Accordingly, the Court will grant Westrock[1] and XPO their reasonable expenses and attorney's fees incurred in filing their motions to compel.

**IT IS ORDERED:**

1. Westrock and XPO are awarded their reasonable costs and attorney's fees in bringing their motions to compel (Filing Nos. 110 and 112).

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file on or before **April 23, 2018**, a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, Plaintiff may file on or before **May 7, 2018**, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. Magnum shall have until on or before **May 22, 2018**, to respond to the application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

Dated this 2nd day of April, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] Although Westrock has now been dismissed as a party from the case, it incurred fees associated with filing its motion to compel prior to being dismissed as party.