IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FERGIN, and ACE AMERICAN INSURANCE CO, <br><br>Plaintiffs, <br><br>vs. <br><br>WESTROCK COMPANY, MAGNUM LTL, INC., XPO, and MAGNUM DEDICATED, INC., <br><br>Defendants. | 8:16CV26 <br><br>AMENDED[1] MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment, ECF No. 122, filed by Defendant Westrock Company, and the Motion to Deny or Defer Summary Judgment (Rule 56(d) Motion), ECF No. 135, filed by Plaintiff Michael Fergin. For the reasons stated below, the Rule 56(d) Motion will be denied and the Motion for Summary Judgment will be granted.

## BACKGROUND

The following facts are those stated in the parties' briefs, supported by pinpoint citations to evidence in the record, and admitted, or not properly resisted, by the opposing party as required by NECivR 56.1[2] and Federal Rule of Civil Procedure 56.

---

[1] This order amends the Court's previous order, ECF No. 154, to the extent that it now names the correct party—XPO—that loaded the trailer for transport to Becton Dickinson in Footnote 6 (Footnote 5 in ECF No. 154). No substantive changes to the order have been made, and the Court's ruling from the Order at ECF No. 154 has not been altered in any way.

[2] See NECivR 56.1(b)(1) (effective December 1, 2015):

The party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts. The response should address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses,

In February of 2013, Westrock, then known as RockTenn, agreed to provide corrugated cardboard material to Fergin's employer, Becton Dickinson. Westrock Supp. Brief ¶¶ 5, 7, & 13, ECF No. 123, Page ID 654. Sometime in 2013, Becton Dickinson provided Westrock pallets on which to stack the corrugated cardboard for transport to Becton Dickinson. *Id.* ¶ 6. Westrock contracted with Defendant XPO, then known as the Jacobson Warehouse Co., to store the pallets and load them onto semitrailers for transport. Westrock contracted with Magnum LTL, Inc.,[3] to ship the pallets. On February 19, 2013, XPO received the load of corrugated cardboard from Westrock. *Id.*, ¶ 8. Magnum delivered the load to Becton Dickinson. *Id.*, ¶ 12.

On February 19, 2016, Fergin began unloading the pallets of corrugated cardboard from the semitrailer delivered by Magnum. *Id.*, ¶ 13. Fergin opened the right trailer door and started to "walk it back to the left side of the trailer" when a stack of cardboard fell on him, knocking him to the ground and fracturing his left shoulder. *Id.*, ¶ 14, Page ID 655.

In his Second Amended Complaint, ECF No. 64, Fergin alleged that his injury was caused by Defendants' "joint and concurring negligence." *Id.*, Page ID 316. Specifically, Fergin alleged that Defendants failed to inspect the pallets used to stack the cardboard material; that Defendants stacked the material on a damaged pallet, which they knew or should have known made the stack unstable and likely to fall; that Defendants placed the unstable stack in the left rear corner of the trailer where it would

---

deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>
[3] For purposes of this motion, the Court refers to both Defendants Magnum LTL, Inc., and Magnum Dedicated as simply Magnum.

fall out of the trailer; and that Defendants failed to strap or otherwise secure the stack to keep it from shifting and toppling before unloading. *Id.*, ECF No. 317.

## STANDARD OF REVIEW

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's

case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

## DISCUSSION

**I. Rule 56(d) Motion**

Fergin moves the Court to deny or defer ruling on the Motion for Summary Judgment, to allow for additional discovery under Federal Rule of Civil Procedure 56(d). ECF No. 135.

"Pursuant to Rule 56(d), a party opposing summary judgment may move for a continuance 'until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition' to a summary-judgment motion." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (quoting *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 893 (8th Cir. 2014)). The party seeking additional discovery must establish "(1) that [he] ha[s] set forth in affidavit form the specific facts that [he] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Id.* (alteration in original) (quoting *Toben*, 751 F.3d at 895).

"Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006) (quoting *Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc.*, 162 F.3d 991, 996 (8th Cir. 1998)). "The nonmovant must make some showing that discovery has been inadequate. Absent such a showing, summary judgment is appropriate despite incomplete discovery." *Pony Computer*, 162 F.3d at 996. "Inadequate discovery cannot be a shield against summary judgment without a showing of a meritorious opposition." *Id.* (citing *United States v. Light*, 766 F.2d 394, 397 (8th Cir. 1985)).

The Court granted Fergin's prior Rule 56(d) motion in December of 2016. *See* ECF No. 52. In doing so, the Court denied Westrock's prior motion for summary

judgment, without prejudice to reassertion. Fergin's brief supporting his current motion states that "[n]o party has taken any depositions or named any expert witnesses," and that "discovery is far from being concluded." Supp. Brief, ECF No. 137, Page ID 826. Fergin's evidence includes several responses to interrogatories and requests for admission that were received from Defendants in December of 2017. Yet Fergin fails to explain why he has not conducted more discovery in the many months since his prior 56(d) motion, nor does he allege that his discovery efforts were impeded in any way. Although Fergin is entitled to adequate time for discovery, his motion requires "some showing that discovery has been inadequate." *Pony Computer*, 162 F.3d at 996. Fergin has not met this burden, and his motion will be denied. *See Holt v. Howard*, 806 F.3d 1129, 1134 (8th Cir. 2015) (affirming district court's denial of a plaintiff's request for additional discovery because the plaintiff "failed to utilize the procedures available to him while discovery was open").[4]

## II. Motion for Summary Judgment

Westrock argues that summary judgment is appropriate because the evidence fails to establish that the pallets were damaged or defective while in Westrock's control. In support, Westrock cites to its Second Set of Requests for Admissions sent to XPO, in which XPO admitted that "on or about February 19, 2013, the load of corrugated cardboard XPO received from [Westrock] was free from damage" and that "on or about

---

[4] Fergin cites to *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996), to stress the need for a court "to develop the record" on a motion for summary judgment "so that an informed decision on the existence of genuinely disputed facts" is possible. In *Farmer*, the district court required that summary judgment motions be filed eighteen days after the case returned on remand. *Id.* at 1448. The plaintiff, who had diligently pursued discovery since filing the case, *see id.* at 1446, sought additional time for discovery, noting that defendants had not responded to discovery requests she submitted two weeks after amending her complaint. *Id.* at 1448. The district court denied the extension and the Court of Appeals for the Seventh Circuit reversed. In this case, as stated, Fergin's prior Rule 56(d) motion was granted in December 2016, and he amended his complaint in February of 2017. *See* ECF No. 64. Fergin acknowledges that relatively little discovery occurred in 2017, but does not explain why.

February 19, 2013, . . . the pallets within the load of corrugated cardboard [XPO] received from [Westrock] were free from damage." *See* Supp. Brief, ECF No. 123, Page ID 654 & 656 (citing ECF No. 124-2, Page ID 665–66).

Fergin argues that other evidence contradicts the admissions by XPO and creates a material issue of fact. Specifically, Fergin identifies the report by Becton Dickinson's Safety Director, which stated that the pallet supporting the cardboard was missing one of its boards and that this missing board caused it to shift during transport. *See* ECF No. 136, Page ID 742. Fergin also cites XPO's response to Westrock's Requests for Admissions, which denied that "[XPO] employees warehoused and loaded" the cardboard, and denied that "prior to leaving the warehouse a [XPO] employee confirmed that the load of corrugated cardboard was in proper condition . . . ." *See* ECF No. 137, Page ID 828–29. Fergin also cites XPO's answers to Westrock's Interrogatories No. 6 and 8, which Fergin argues are inconsistent with Westrock's evidence. These answers identify the XPO employee who loaded the cardboard into the Magnum-controlled semitrailer, and identify Magnum as the party responsible for strapping the cardboard in place and for ultimately transporting it.[5]

---

[5] Specifically, Fergin quoted the answers as stating, in part:

Upon information and belief, Ryan Stusse was the Jacobson employee who loaded the corrugated cardboard boxes onto the Magnum semitrailer. . . .

Defendant Magnum Dedicated was responsible for supply load straps and the Magnum Dedicated employee driver was responsible for assuring every load was secure before leaving the XPO facility. . . .

XPO loaded the corrugated cardboard onto the subject trailer on February 18, 2013. Jacobson employee, Ryan Stusse checked the trailer subsequent to the corrugated cardboard being loaded onto the subject trailer on February 18, 2013. . . .

Defendant Magnum Dedicated employee driver was responsible for supply load straps and the Magnum Dedicated employee driver was responsible for assuring every load was

7

The Court finds that Fergin's evidence is insufficient to create a material issue of fact. XPO admitted that it received the pallet from Westrock free of damage. The evidence offered by Fergin to rebut this admission only shows that the pallet was damaged by the time it toppled and injured Fergin. A reasonable jury could not conclude from this evidence that the pallet was damaged before or during the time it was under Westrock's control.[6] For this reason the Court will grant Westrock's Motion for Summary Judgment.[7] Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment, ECF No. 122, filed by Defendant Westrock Company, is granted;

2. The Motion to Deny or Defer Summary Judgment, ECF No. 135, filed by Plaintiff Michael Fergin, is denied; and

3. Defendant Westrock Company is dismissed from the above-captioned action, with prejudice.

---

       secure, and that the necessary seals and zip ties were placed on every trailer before leaving the XPO facility.

ECF No. 137, Page ID 830.

[6] Magnum submitted its own brief opposing summary judgment, *see* ECF No. 133, in which Magnum argues that Westrock remains liable under 49 U.S.C. § 80113(c). Under § 80113(c), "[a] common carrier issuing a bill of lading is not liable for damages caused by improper loading if (1) the shipper loads the goods; and (2) the bill contains the words 'shipper's weight, load, and count', or words of the same meaning indicating the shipper loaded the goods." The parties' contract stated "Outbound Shipments are designated as 'Shipper Load, Count and Seal' or its equivalent." ECF No. 134-2, Page ID 706. However, § 80113(c) is inapplicable because it also requires that the shipper, in this case Westrock, in fact load the goods for transport. There is no factual dispute that XPO, not Westrock, loaded the cardboard for transport to Becton Dickinson.

[7] Because the Court reaches its conclusion based on Westrock's evidentiary argument, it need not consider Westrock's argument regarding whether actions by other defendants severed any causal connection between Westrock's actions and Fergin's injuries.

Dated this 14th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge