# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FERGIN, and ACE AMERICAN INSURANCE CO, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTROCK COMPANY, MAGNUM LTL, INC., XPO, and MAGNUM DEDICATED, INC., <br><br> Defendants. | 8:16CV26 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment, ECF No. 146, filed by Defendants Magnum LTL, Inc., and Magnum Dedicated, Inc., (collectively, Magnum Defendants); the Motion to Defer Ruling on the Motion for Summary Judgment, ECF No. 150, filed by Defendant XPO; the Motion to Amend, ECF No. 171, filed by Magnum Defendants; and the Statement of Objection, ECF No. 173, filed by Magnum Defendants. For the reasons stated below, the motion for summary judgment will be granted, the motion to defer ruling will be denied, the motion to amend will be granted, and the statement of objections will be overruled.

## BACKGROUND

The following facts are those stated in the parties' briefs, supported by pinpoint citations to evidence in the record, and admitted, or not properly resisted, by the opposing party as required by NECivR 56.1[1] and Federal Rule of Civil Procedure 56.[2]

---

[1] See NECivR 56.1(b)(1) (effective December 1, 2018):

> The party opposing a summary judgment motion should include in its brief a concise response to the moving party's statement of material facts. The response should

On January 4, 2010, Magnum Dedicated, Inc., entered into an agreement (Transportation Agreement) with Westrock Company—formerly known as RockTenn—whereby Magnum Dedicated was to transport a load of corrugated cardboard to Becton Dickinson. Under Section 3(a) of the Transportation Agreement, Magnum Dedicated agreed "to accept and transport, pursuant to the terms of this Agreement, all Shipments within the scope of Services . . . ." ECF NO. 147-2, Page ID 871. Defendant XPO—formerly known as Jacobson Warehouse—loaded the pallets of stacked cardboard, manufactured by Westrock, from XPO's warehouse facility in Sioux City, Iowa, into a semi-trailer that was ultimately delivered by Magnum Defendants to Becton Dickinson's dock in Columbus, Nebraska, on February 18, 2013. The transportation was performed pursuant to a Bill of Lading, No. 43186609213.

On February 19, 2016, Plaintiff Michael Fergin, an employee of Becton Dickinson, began unloading the pallets of cardboard from the semitrailer delivered by Magnum. ECF No. 123, Page ID 654. Fergin opened the right trailer door and started to "walk it back to the left side of the trailer" when a stack of cardboard fell on him, knocking him to the ground and fracturing his left shoulder. *Id.*, Page ID 655.

Fergin filed this action in the District Court of Platte County, Nebraska, in August of 2015, and Westrock removed to this Court on January 19, 2016. Fergin filed his Second Amended Complaint, ECF No. 64, on February 27, 2017. In the Second

---

address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies. <u>Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.</u>

[2] The Court notes that Magnum Defendants' Statement of Material Facts did not conform to NECivR 56.1(a)(2). *See id.* ("The statement of facts should consist of short numbered paragraphs, each containing pinpoint references . . . ."). Due to the lack of numbered paragraphs, the Court does not cite to specific paragraphs of material facts.

Amended Complaint, Fergin alleged, among other things, that defendants "failed to inspect the pallets used to stack the [cardboard]," "employed a damaged pallet on which to stack and ship [the cardboard]," "failed to strap or otherwise secure the stack of [cardboard] to keep it from shifting and toppling before it could be properly unloaded." ECF No. 64, Page ID 317. Fergin alleged that "[a]s a result of Defendants' negligence"[3] he incurred medical expenses, lost wages, and permanent disability. *Id.*, Page ID 317–18.

## DISCUSSION

### I. Motion for Summary Judgment

#### A. Standard of Review

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to

---

[3] In the Second Amended Complaint, Fergin did not specifically caption or enumerate any causes of action. Therefore, the Court construes the complaint as stating a single claim of negligence against all defendants.

3

be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at

4

1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

### B. Carmack Preemption

Magnum Defendants argue that Fergin's negligence claim against them is preempted under the Carmack Amendment, 49 U.S.C. § 14706. Under that Amendment, a carrier providing interstate transportation is "liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a). "The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States." *Id.*

"The Carmack Amendment thus expressly recognizes the right of a shipper and carrier to establish an agreed value of the goods to be shipped which limits the carrier's liability . . . ." *Rocky Ford Moving Vans, Inc. v. United States*, 501 F.2d 1369, 1372 (8th Cir. 1974) (*citing Strickland Transp. Co. v. United States*, 334 F.2d 172 (5th Cir. 1964)). "The United States Supreme Court has described the words of the Carmack Amendment as 'comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination.'" *Id.* (quoting *Se. Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936)); *see Georgia, F. & A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06 (1913) ("Almost every detail of the subject is covered so completely [by the Carmack Amendment] that there

5

can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."). Thus, "when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, the Carmack Amendment governs." *Fulton v. Chicago, Rock Island & P. R. Co.*, 481 F.2d 326, 332 (8th Cir. 1973) (quoting *Am. Synthetic Rubber Corp. v. Louisville & N. R. Co.*, 422 F.2d 462, 466 (6th Cir. 1970)).

Circuit court decisions examining Carmack preemption of personal injury claims generally fall under one of two theories—those that look to the harm alleged and those that look to the carrier's conduct. *White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 585 (9th Cir. 2008) (citing *Smith*, 296 F.3d at 1248-49; *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir. 1997); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993)); *Krauss v. IRIS USA, Inc.*, No. CV 17-778, 2017 WL 5624951, at *5 (E.D. Pa. Nov. 22, 2017); *Union Pac. R. Co. v. Beemac Trucking, LLC*, 929 F. Supp. 2d 904, 922–23 & n.20 (D. Neb. 2013).

Under the harm-based approach, "a personal injury claim is not preempted when the plaintiff alleges 'separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods.'" *Krauss*, 2017 WL 5624951, at *5 (quoting *Gordon*, 130 F.3d at 289). While under the conduct-based approach, "the only claims that escape preemption are those 'based on conduct separate and distinct from the delivery, loss of, or damage to goods.'" *Id.* (quoting *Smith*, 296 F.3d at 1248–49). Thus, under the conduct-based approach, state-law claims for personal injuries

6

resulting from damage to cargo caused by the carrier's negligence are preempted. *See, e.g.*, *Moffit*, 6 F.3d at 306 (holding that a claim for intentional infliction of emotional distress is preempted "to the extent that it arises from the same conduct as the claims . . . to shipped property"); *York v. Day Transfer Co.*, 525 F. Supp. 2d 289, 300–01 (D.R.I. 2007) ("Claims . . . based on lingering and consequential effects of conduct performed in the transportation, shipment, and claims process are subject to preemption, regardless of whether the alleged harm is to the person or to the property."); Glass v. Crimmins Transfer Co., 299 F. Supp. 2d 878, 885 (C.D. Ill. 2004) (holding plaintiff's personal injury claims preempted where "the emotional distress and physical injuries arose directly from the carrier's mis-handling of the property and the subsequent claims"); *Strike v. Atlas Van Lines, Inc.*, 102 F. Supp. 2d 599, 600 (M.D. Pa. 2000) (holding contract claim preempted where plaintiff alleged personal injuries resulting from gasoline spilled on cargo by carrier); *Tayloe v. Kachina Moving & Storage, Inc.*, 16 F. Supp. 2d 1123, 1126 (D. Ariz. 1998) (holding state law claims preempted where plaintiffs' alleged personal injury from water damage and mold growth on cargo incurred in transit).

The Eighth Circuit Court of Appeals' opinion in *Fulton* indicates its endorsement of the conduct-based approach. *Beemac Trucking,* 929 F. Supp. 2d 904, 923 (D. Neb. 2013) (citing *Fulton*, 481 F.2d at 332 (holding that preemption occurs when damages are sought for a shipper's "failure to properly perform" on a contract of carriage)). Thus, the Carmack Amendment's broad preemptive power encompasses "any state-law causes of action arising from or based on the common[] carrier's performance of the interstate contract of carriage." *Id.* at 921–22 (internal footnote omitted) (citing *Adams*

7

*Express*, 226 U.S. at 505–06; *Smith*, 296 F.3d at 1246; *M.I.S. Eng'g, Div. of Research & Dev. Corp. v. U.S. Exp. Enters., Inc.*, 438 F. Supp.2d 1056, 1061 (D. Neb. 2006)).

Similar to the case at bar, the court in *Krauss* examined Carmack preemption in the context of a personal injury to a party other than the shipper. In *Krauss*, a cluster of charities purchased Lego baseplates from the manufacturer. 2017 WL 5624951, at *1. The manufacturer hired a freight broker, who in turn hired the carrier. *Id.* The plaintiffs alleged that the baseplates were stacked on the wrong type of pallets, some of which were in damaged condition. *Id.* at *2. Once the carrier delivered, the carrier's driver and a charity volunteer were unloading the baseplates when, due to the damaged condition of the pallets, a double-stacked pallet fell on the volunteer, crushing him and causing severe injury. *Id.* The charities and the volunteer sued the manufacturer, carrier, and broker for various damages, including the volunteer's extensive personal injuries. The defendants sought dismissal of the state-law claims as preempted under the Carmack Amendment.

In adopting the conduct-based approach to preemption,[4] the *Krauss* Court found that "[Defendant's] conduct was allegedly substandard: The cargo was loaded improperly, damaged in transit, and damaged during the unloading process. [defendant's] conduct that damaged the cargo completely becomes the conduct that injured [the volunteer]." 2017 WL 5624951, at *7. The court dismissed the state-law claims against the carrier as preempted. *Id.*

---

[4] The court's analysis in *Krauss* focused primarily on whether the court should adopt the harm-based or the conduct-based approach—an issue already decided for this Court by the Eighth Circuit in *Fulton*.

Like the plaintiff in *Krauss*, Fergin alleges that Magnum Defendants were negligent in their handling and transporting of the stacked cardboard, and that this negligence directly caused Fergin's injuries.

Given the alleged causal proximity between Magnum Defendants' conduct, the damage to the cardboard, and Fergin's injuries, the Court must conclude that Fergin's negligence claim against Magnum Defendants is preempted by the Carmack Amendment.

XPO concedes that Fergin's claims against Magnum are preempted under the Carmack Amendment. However, XPO argues that Summary Judgment is inappropriate due to the Eighth Circuit's adoption of the Fourth Circuit's holding in *United States v. Savage Truck Line, Inc.,* 209 F.2d 442, 445 (4th Cir. 1953), concerning the duties of shippers and common carriers. *See Vargo-Schaper v. Weyerhaeuser Co.*, 619 F.3d 845, 848–49 (8th Cir. 2010). "The Savage rule . . . imposes liability on carriers even if the shippers negligently loaded the cargo, except where the shippers' 'negligence was undiscoverable through a reasonable safety inspection.'" *Id.* (quoting *Decker v. New England Pub. Warehouse, Inc.*, 749 A.2d 762, 767 (Me. 2000)). XPO does not present any authority for the proposition that the Savage Rule somehow bypasses or overcomes Carmack preemption. Rather, the rule merely allocates liability under certain circumstances *in a viable claim*, whether brought under the Carmack Amendment or otherwise. But there is no viable claim here. Fergin has only pleaded common-law negligence, and Magnum Defendant's motion for summary judgment will be granted.[5]

---

[5] Because the claim is preempted under the Carmack Amendment, the Court need not consider Magnum Defendants' other proffered bases for summary judgment.

Lastly, XPO moved for the Court to deny or defer ruling on the motion for summary judgment in order to conduct further discovery. ECF No. 150. However, the Court has determined that the Carmack Amendment preempts Fergin's negligence claim against Magnum Defendants and further discovery would not alter this outcome.

**II. Statement of Objection to Magistrate Judge's Order**

Magnum Defendants filed an objection, ECF No. 173, to Magistrate Judge Michael D. Nelson's Order, ECF No. 170. On December 1, 2017, Judge Nelson issued an order, ECF No. 119, granting Westrock's and XPO's motions to compel discovery against Magnum Defendants and ordering Magnum Defendants to show cause why sanctions should not be imposed. Magnum Defendants objected to the order, ECF No. 119, arguing that the discovery sought was not relevant because they owed no duty to Fergin as a matter of law. This Court overruled the objection. *See* ECF No. 153. In his order at ECF No. 170, Judge Nelson concluded that "[Magnum Defendants] ha[ve] not made a showing that an award of attorney's fees would be unjust or that [their] position was substantially justified." *Id.*, Page ID 1251. Accordingly, Judge Nelson awarded reasonable costs and attorney's fees to Westrock[6] and XPO. Magnum Defendants timely objected.

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[6] This Court dismissed Westrock as a party in a prior order. *See* ECF No. 154. However, Westrock is still entitled to its reasonable costs and attorney's fees regarding its motion to compel.

committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 397 (1948)). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

The Court finds that Magnum Defendants have failed to show that Judge Nelson's order was clearly erroneous or contrary to law. Specifically, Judge Nelson found that the discovery requests were relevant and that Magnum Defendants' position of withholding responses on the basis of their legal-duty argument, without raising such issues in a dispositive motion, was not substantially justified. That this Court has found in Magnum Defendants' favor on their motion for summary judgment does not affect this conclusion. Parties are not at liberty to withhold otherwise relevant discovery based on theories of law better raised in motions under Rules 12 or 56. Such tactics hinder the Court's orderly disposal of cases, and Magnum Defendants were unjustified in pursuing them. The objection is overruled.

### III. Motion to Amend

In its Motion to Amend, ECF No. 171, Magnum Defendants asks the Court to correct an error in its previous order at ECF No. 154. In a footnote to that order, the Court stated, "[t]here is no factual dispute that Magnum, not Westrock, loaded the cardboard for transport to Becton Dickinson" ECF No. 154, Page ID 977. However, the

undisputed factual record shows that XPO loaded the trailer. Accordingly, the Court will grant the motion to amend.[7]

## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment, ECF No. 146, will be granted; the Motion to Defer Ruling on the Motion for Summary Judgment, ECF No. 150, will be denied, the Motion to Amend Judgment, ECF No. 171, will be granted, and the Statement of Objection, ECF No. 173, will be overruled. Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment, ECF No. 146, filed by Defendants Magnum LTL, Inc., and Magnum Dedicated, Inc., is granted;

2. The Motion to Defer Ruling on the Motion for Summary Judgment, ECF No. 150, filed by Defendant XPO, is denied;

3. The Motion to Amend, ECF No. 171, filed by Magnum Defendants, is granted;

4. The Statement of Objection, ECF No. 173, filed by Magnum Defendants, is overruled;

5. Plaintiff Michael Fergin's claim against Defendants Magnum LTL, Inc., and Magnum Dedicated, Inc., is dismissed, with prejudice; and

6. Counsel for Westrock Co. and Defendants XPO, Magnum LTL, Inc., and Magnum Dedicated, Inc., shall confer on a reasonable amount to be awarded and, if there is agreement, shall file on or before July 6, 2018, a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, Westrock Co. and XPO may file on or before July 20, 2018, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. Magnum LTL, Inc., and Magnum Dedicated, Inc., shall have until on or before August 3, 2018, to respond to the application. Thereafter, the issue of costs and sanctions will be deemed submitted to Magistrate Judge Michael D. Nelson for adjudication.

---

[7] On June 14, 2018, the Court filed an amended order, ECF No. 187, amending its prior order at ECF No. 154, in accordance with the motion to amend.

Dated this 15th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge