# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MICHAEL FERGIN, and ACE AMERICAN INSURANCE CO.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**XPO,**<br><br>Defendant. | **8:16CV26**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion for Summary Judgment, ECF No. 201, filed by Defendant XPO. For the reasons stated below, the Motion will be granted.

## BACKGROUND

The following facts are those stated in the parties' briefs, supported by pinpoint citations to evidence in the record, and admitted, or not properly resisted, by the opposing party as required by NECivR 56.1[1] and Federal Rule of Civil Procedure 56.

On January 4, 2010, Magnum Dedicated, Inc. (Magnum), entered into an agreement, ECF No. 147-2, with Westrock Company (Westrock) to transport corrugated cardboard manufactured by Westrock to Becton Dickinson, Plaintiff Michael Fergin's employer. Pursuant to a separate agreement, ECF No. 201-2, Westrock leased storage

---

[1] See NECivR 56.1(b)(1):

The party opposing a summary judgment motion must include in its brief a concise response to the moving party's statement of material facts. Each material fact in the response must be set forth in a separate numbered paragraph, must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies, and, if applicable, must state the number of the paragraph in the movant's statement of material facts that is disputed. <u>Properly reference material facts in the movant's statement are considered admitted unless controverted in the opposing party's response</u>.

space from XPO in XPO's facility in Sioux City, Iowa, and XPO agreed to provide Westrock loading services at that facility.

On February 18, 2013, XPO loaded a semitrailer with pallets of stacked, Westrock-manufactured cardboard. That same day, Magnum picked up the loaded semitrailer and delivered it to Becton Dickinson's loading dock. The transportation was performed pursuant to a Bill of Lading, No. 43186609213. On February 19, 2013, Fergin opened one of the trailer doors to begin unloading it when a stack of cardboard fell on him, knocking him to the ground. Fergin fractured his shoulder.

Fergin filed this action in the District Court of Platte County, Nebraska, in August of 2015, and Westrock removed to this Court on January 19, 2016. Fergin's Second Amended Complaint alleged Westrock, Magnum, Magnum LTL, Inc., and XPO "failed to inspect the pallets used to stack the [cardboard]," "employed a damaged pallet on which to stack and ship [the cardboard]," "failed to strap or otherwise secure the stack of [cardboard] to keep it from shifting and toppling before it could be properly unloaded." ECF No. 64, Page ID 317. As the Court noted in its previous Memorandum and Order, Fergin did not specifically caption or enumerate any causes of action but alleged that "[a]s a result of Defendants' negligence he incurred medical expenses, lost wages, and permanent disability." Mem. and Order, ECF No. 188, Page ID 1300 (quoting Second Amended Complaint, ECF No. 64, Page ID 317-18). Therefore, the Court construed Fergin's Second Amended Complaint as stating a single claim of negligence under Nebraska law. Mem. and Order, ECF No. 188, Page ID 1300.

On March 12, 2018, the Court granted Westrock's motion for summary judgment and dismissed it from this action because Fergin failed to provide sufficient evidence upon

which a reasonable jury could conclude that Westrock was negligent. Mem. and Order, ECF No. 154. On June 15, 2018, the Court also granted Magnum and Magnum LTL, Inc.'s, motion for summary judgment and dismissed them from this action because the Carmack Amendment, 49 U.S.C. § 14706, preempted Fergin's state-law claim against them. Mem. and Order, ECF No. 188. Thus, the only remaining defendant is XPO.

**STANDARD OF REVIEW**

"Summary judgment is appropriate when, construing the evidence most favorably to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Crozier v. Wint,* 736 F.3d 1134, 1136 (8th Cir. 2013) (citing Fed. R. Civ. P. 56(c)). "Summary Judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) *cert. denied*, 132 S. Ct. 513 (2011)) (internal quotation marks omitted). In reviewing a motion for summary judgment, the Court will view "all facts and mak[e] all reasonable inferences favorable to the nonmovant." *Gen. Mills Operations, LLC v. Five Star Custom Foods, Ltd.,* 703 F.3d 1104, 1107 (8th Cir. 2013). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe,* 690 F.3d at 1011 (quoting *Torgerson*, 643 F.3d at 1042) (internal quotation marks omitted). "'[T]he mere existence of some alleged factual dispute between the parties'" will not defeat an otherwise properly supported motion for summary judgment. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 972 (8th Cir. 2012) (quoting *Torgerson*, 643 F.3d at 1042) (internal quotation marks omitted). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue for trial" and summary judgment is appropriate. *Torgerson*, 643 F.3d at 1042 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)) (internal quotation marks omitted).

## DISCUSSION

Relying on the Court's previous ruling that the Carmack Amendment preempts Fergin's negligence claim against Magnum and Magnum LTL, Inc., Mem. and Order, ECF No. 188, XPO argues the Carmack Amendment also preempts Fergin's negligence claim

4

against it.  In its previous Memorandum and Order, the Court applied the conduct-based[2] approach to its preemption analysis under the Carmack Amendment and concluded that Fergin's negligence claim against Magnum and Magnum LTL, Inc., was preempted.  ECF No. 188, Page ID 1304-06.  Fergin argues the Carmack Amendment does not preempt his negligence claim against XPO, however, because (1) XPO is not a "carrier," 49 U.S.C. § 14706(a), and (2) his injury occurred after the cardboard was delivered.

**I. Carrier**

For purposes of the Carmack Amendment, "carrier" is defined as "a motor carrier, a water carrier, and a freight forwarder," 49 U.S.C. § 13102(3), and "motor carrier" is further defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14).

> The term "motor vehicle" means a vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation, or a combination determined by the Secretary, but does not include a vehicle, locomotive, or car operated only on a rail, or a trolley bus operated by electric power from a fixed overhead wire, and providing local passenger transportation similar to street-railway service.

49 U.S.C. § 13102(16).  "The term 'transportation' includes--

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and

---

[2] In that Memorandum and Order, the Court stated that "[t]he Eighth Circuit Court of Appeals' opinion in *Fulton* indicates its endorsement of the conduct-based approach [as opposed to the harm-based approach]." ECF No. 188, Page ID 1304 (citing *Union Pac. R.R. Co. v. Beemac Trucking, LLC*, 929 F. Supp. 2d 904, 922-23 & n.20 (D. Neb. 2013); *See also Fulton v. Chicago, Rock Island & P. R. Co.*, 481 F.2d 326, 332 (8th Cir. 1973); *Krauss v. IRIS USA, Inc.*, No. CV 17-778, 2017 WL 5624951, at *5 (E.D. Pa. Nov. 22, 2017) (applying the conduct-based approach rather than the harm-based approach); *but see McGinn v. JB Hunt Transp., Inc.*, No. 10-CV-610-JPS, 2012 WL 124401, at *2-3 (E.D. Wis. Jan. 17, 2012) (applying to harm-based approach rather than the conduct-based approach).

5

(B) services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23).

The undisputed facts show that XPO provided services—storing cardboard and pallets and loading them into a semitrailer—related to the movement of property in interstate commerce by a motor vehicle. 49 U.S.C. § 13102(23)(B). Thus, XPO provided "motor vehicle transportation," 49 U.S.C. § 13102(23), and was, therefore, acting as a "motor carrier," 49 U.S.C. § 13102(14), which is included in the definition of a "carrier," 49 U.S.C. § 13102(3). *Heniff Transp. Sys., L.L.C. v. Trimac Transp. Servs., Inc.*, 847 F.3d 187, 191 (5th Cir. 2017) (analyzing the definition of a "carrier").

Fergin contends that "XPO is not a carrier because its contract with Westrock is a contract to store and load, not to transport, [and] because [XPO] is not named as a carrier on the only bill of lading applicable to the shipment at issue and has not issued a receipt or a bill of lading itself." Pl.'s Br., ECF No. 208, Page ID 1444. However, 49 U.S.C. § 13102(23) states "transportation" includes "services related to [the movement of property], including . . . *storage,* handling, packing, [and] unpacking . . . [,]" and the Carmack Amendment states "[f]ailure to issue a receipt or bill of lading does not affect the liability of a carrier," 49 U.S.C. § 14706(a)(1). (emphasis added). Thus, Fergin's argument is inconsistent with the definition of a carrier and with the Carmack Amendment itself. *Heniff Transp.*, 847 F.3d at 191 n.4 (explaining that "loading" is encompassed by the plain language of 49 U.S.C. § 13102(23)(B)); *see also id.* at 192 ("The terms of the bill of lading

6

and whether a bill is issued *at all* are irrelevant to the applicability of the Carmack Amendment.").

Accordingly, the Court finds that XPO was acting as a "carrier," subject to the Carmack Amendment.

## II. Post-delivery Injury

Fergin argues the Carmack Amendment does not apply and does not preempt his negligence claim because he was injured after Magnum delivered the cardboard to Becton Dickinson. Fergin's argument relies on this Court's statement in *Beemac Trucking* that "'[t]he liability of a carrier for damages to goods shipped through interstate commerce extinguishes upon delivery' of the goods to the proper party." 929 F. Supp. 2d at 914 (quoting *Intech, Inc. v. Consol. Freightways, Inc.*, 836 F.2d 672, 674 (1st Cir. 1987)); *see also Republic Carloading & Distrib. Co. v. Mo. Pac. R.R. Co.*, 302 F.2d 381, 386 (8th Cir. 1962) ("Common carrier liability ceases upon delivery of the shipment to the consignee.").[3]

It is undisputed, however, that the alleged negligent conduct which Fergin complains of occurred prior to the final delivery of the cardboard to Becton Dickinson. *See Beemac Trucking*, 929 F. Supp. 2d at 922 n.20 (explaining "the Eighth Circuit has indicated that the focus [of a court's Carmack preemption analysis] should be on the *conduct* giving rise to the plaintiff's claims"). Fergin's Carmack preemption argument

---

[3] Although this argument would have been equally applicable to Magnum and Magnum LTL, Inc.'s, previous motion for summary judgment, Fergin did not assert it. *See* Pl.'s Br., ECF No. 155, Page ID 985. Fergin made cursory statements that "the trip . . . was over when the accident happened[,]" and that "[t]he carriage had been completed[,]" but he did not provide any legal support for, or further discussion of, the argument he makes now, which is that the Carmack Amendment does not preempt negligence claims for a personal injury that occurred after the goods were delivered. *Id.*

7

focuses on the harm or injury, an approach this Court declined to take in its previous Memorandum and Order. *See supra* note 2 (citing Mem. and Order, ECF No. 188). Because Fergin's negligence claim is for conduct that occurred during the transportation of the cardboard by a carrier, the Carmack Amendment preempts that claim. *Strike v. Atlas Van Lines, Inc.*, 102 F. Supp. 2d 599, 600-01 (M.D. Pa. 2000) (explaining Carmack preemption "extend[s] to claims like the plaintiffs' involving personal injuries suffered as the result of changes made to shipped goods through negligence of the carrier and injuries resulting therefrom"). Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment, ECF No. 201, filed by Defendant XPO, is granted;

2. The Motion to Extend Time Allowed for Plaintiff's Disclosure Required by Rule 26(a)(2)(C), ECF No. 213, is denied as moot;

3. This action is dismissed, with prejudice; and

4. A separate judgment will be entered.

Dated this 5th day of November, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge